J-S30037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEFFREY B. CLARKE, | : | |
| | : | |
| Appellant | : | No. 1455 MDA 2016 |

Appeal from the PCRA Order August 1, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0000743-1997;
CP-22-CR-0000744-1997

BEFORE:  SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　　**FILED JUNE 12, 2017**

Jeffrey B. Clarke ("Clarke"), *pro se*, appeals from the Order dismissing his fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In August 1997, Clarke pled guilty to five counts of robbery and related crimes, and received a sentence of intermediate punishment ("IP") followed by probation.  In June 1998, Clarke was arrested for violating the conditions of his IP/probation.  In November 1998, the trial court revoked Clarke's IP/probation, and sentenced him to serve an aggregate prison term of 25-75 years, followed by 40 years of probation.[1]  This Court affirmed Clarke's

---

[1]  In imposing Clarke's sentence, the trial court applied the mandatory minimum sentencing provision at 42 Pa.C.S.A. § 9712 ("sentences for offenses committed with firearms").  Section 9712 provides, *inter alia*, that its provisions "shall not be an element of the crime," and that the applicability "shall be determined at sentencing," with factual matters being resolved by the sentencing court "by a preponderance of the evidence."  **Id.** § 9712(b).

judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Clarke*, 750 A.2d 365 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 758 A.2d 660 (Pa. 2000). Clarke thereafter filed four separate Petitions for relief under the PCRA, all of which were dismissed, and our appellate courts affirmed the dismissals.[2]

On March 14, 2016, Clarke filed the instant PCRA Petition, his fifth. In July 2016, the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing, and filed therewith a Memorandum Opinion in support of the Notice.[3] Clarke filed a *pro se* "Objection" to the Rule 907 Notice. By an Order entered on

---

[2] This Court previously expounded upon the disposition of Clarke's PCRA Petitions, in connection with Clarke's appeal from the dismissal of his fourth PCRA Petition. *See Commonwealth v. Clarke*, 131 A.3d 87 (Pa. Super. 2015) (unpublished memorandum at 3-5) (hereinafter referred to as "*Clarke IV*").

[3] The PCRA court observed in its Memorandum Opinion that "[Clarke's] fifth PCRA [P]etition is nearly identical to his fourth PCRA Petition, except that it includes an additional case, *Montgomery v. Louisiana*, [136 S. Ct. 718] (2016), to support his request for relief." Memorandum Opinion, 7/1/16, at 1; *see also Clarke IV*, 131 A.3d 87 (unpublished memorandum at 7-10) (addressing the claims raised in Clarke's fourth PCRA Petition). The *Montgomery* Court held, *inter alia*, that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Montgomery*, 136 S. Ct. at 729. In so ruling, the *Montgomery* Court concluded that the new substantive rule of constitutional law announced in *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding that sentencing schemes that mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments," *id.* at 2460), applies retroactively. *Montgomery*, 136 S. Ct. at 736.

August 1, 2016, the PCRA court dismissed Clarke's PCRA Petition. On August 25, 2016, Clarke filed a *pro se* Notice of Appeal.[4] In response, the PCRA court ordered Clarke to file a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal, and Clarke timely complied.

On appeal, Clarke presents the following questions for our review:

I. [Whether] the [PCRA] court erred in denying [Clarke's] PCRA Petition, where [Clarke] challenged the legality of [his] sentence pursuant to the decision of ***Alleyne v. United States***, 133 S. Ct. 2151 (2013),[5] in[]that, pursuant to the decision made in ***Montgomery***[*, **supra**], give it [*sic*] retroactive effect[?]

II. Whether there is constitutional authority and statutory authority to maintain [Clarke's] mandatory minimum sentencing for offense that are void [*sic*]?

Brief for Appellant at 4 (footnote added; some capitalization omitted; issues renumbered). As Clarke's issues are related, we will address them simultaneously.

---

[4] While the PCRA court's docket indicates that Clarke filed his Notice of Appeal on August 25, 2016 (which is within the thirty-day appeal period mandated by Pa.R.A.P. 903(a)), this Court's docket indicates that the Notice of Appeal was docketed on September 8, 2016. However, this Court's docket also provides that Clarke paid the filing fee concerning the Notice of Appeal on August 25, 2016. In the interest of justice, we will deem the filing date as August 25, 2016.

[5] In ***Alleyne***, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and found beyond a reasonable doubt. ***Alleyne***, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. ***Id.*** at 2156. Accordingly, ***Alleyne*** rendered unconstitutional various Pennsylvania statutes, including 42 Pa.C.S.A. § 9712, that allow a judge to increase a defendant's sentence based on a preponderance of the evidence standard. ***See Commonwealth v. Valentine***, 101 A.3d 801, 812 (Pa. Super. 2014) (ruling that ***Alleyne*** rendered section 9712 unconstitutional in its entirety).

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. **Id.**

Any PCRA petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, Clarke concedes that his instant PCRA Petition is facially untimely, as it was filed over fifteen years after August 7, 2000, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **Albrecht**, 994 A.2d at 1094.

Here, Clarke cites the United States Supreme Court's recent decision in **Montgomery**, **supra**,[6] and invokes the newly-recognized constitutional right exception at section 9545(b)(1)(iii). **See** Brief for Appellant at 14, 16-21. Clarke argues that **Montgomery** rendered retroactive the new constitutional right announced in **Alleyne**, making his mandatory minimum sentence

---

[6] Clarke filed his instant PCRA Petition within 60 days of the **Montgomery** decision. **See** 42 Pa.C.S.A. § 9545(b)(2).

imposed under 42 Pa.C.S.A. § 9712 unlawful. *See* Brief for Appellant at 14, 16-21.

Initially, we observe that the new rule of constitutional law announced in *Miller, supra* is inapplicable to the instant case, as Clarke was not (1) under the age of eighteen at the time of the crimes, or (2) sentenced to life in prison without parole. Contrary to Clarke's claim, *Montgomery*, which discussed only the *Miller* holding, did not retroactively apply a constitutional right applicable to Clarke. In any event, our Pennsylvania Supreme Court has recently reiterated that *Alleyne* does not apply retroactively on post-conviction collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 811 (Pa. 2016); *accord Clarke IV*, 131 A.3d 87 (unpublished memorandum at 10) (ruling that Clarke's invocation of *Alleyne* in his fourth PCRA Petition did not entitle him to relief under the newly-recognized constitutional right exception because, *inter alia*, *Alleyne* does not apply retroactively).

We conclude that Clarke has failed to meet the requirements of the newly-recognized constitutional right exception, and *Montgomery* is unavailing. Accordingly, the PCRA court properly dismissed Clarke's fifth PCRA Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2017